UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EAST DIVISION

| | |
|---|---|
| DOROTHY WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:11 CV 1583 RWS |
| v. | ) |
| | ) |
| CAREER EDUCATION CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Compel Arbitration and to Dismiss, or Alternatively Stay, this case. For the reasons set forth below, the Motion to Compel Arbitration is granted.

**I.     Facts and Background**

Plaintiff, Dorothy Wilson, enrolled in the Paralegal Program at Sanford-Brown College's ("SBC) Hazelwood, Missouri campus on April 3, 2009. SBC owns and operates private career colleges in Missouri. Defendant Career Education Corporation ("CEC") owns SBC. At the time she enrolled Wilson signed an Enrollment Agreement that included an arbitration clause that provided:

> **Agreement to Arbitrate** – Any disputes, claims, or controversies between the parties to this Enrollment Agreement arising out of or relating to (i) this Enrollment Agreement; (ii) the Student's recruitment, enrollment, attendance, or education; (iii) financial aid or career service assistance by SBC; (iv) any claim, no matter how described, pleaded or styled, relating, in any manner, to any act or omission regarding the Student's relationship with SBC, its employees, or with externship sites or their employees; or (v) any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement shall be resolved pursuant to this paragraph (the "Arbitration

> Agreement"). Choice of Arbitration Provider and Arbitration Rules – Unless the parties agree to an alternative, the arbitration shall be administered by the American Arbitration Association ("AAA") or the National Arbitration Forum ("NAF"). . . . If brought before the AAA, the AAA's Commercial Arbitration Rules, and applicable supplementary rules and procedures of the AAA, in effect at the time the arbitration is brought, shall be applied. If brought before the NAF, the NAF's Code of Procedure in effect at the time the arbitration is brought shall be applied. . . . Survival of provisions of this agreement – This Arbitration Agreement will survive the termination of the Student's relationship with SBC.

Wilson filed this lawsuit on August 17, 2011, alleging that CEC and SBC (collectively "CEC") made various misrepresentations or omissions concerning the school's program and the career opportunities of its graduates. Wilson asserts common law fraud (Counts I and III) and violations of the Missouri Merchandising Practices Act (Count II). All of her claims arise out of her recruitment, enrollment, and attendance at SBC.

**II.     Discussion**

The Federal Arbitration Act (FAA) applies to all contracts involving interstate commerce. 9 U.S.C. § 1 et seq. "The FAA reflects the fundamental principle that arbitration is a matter of contract." Rent-A-Center, West, Inc. v. Jackson, 130 S.Ct. 2772, 2776 (2010). Section 2 of the Act states that an agreement to arbitrate "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA established a strong policy favoring arbitration and "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983) superseded by statute on other grounds. The Supreme Court has recently reaffirmed that parties can also agree to arbitrate threshold questions of arbitrability, such as whether parties have agreed to arbitrate or whether an arbitration

agreement is enforceable. Rent-A-Center, 130 S.Ct. at 2777 (citing Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83–85 (2002); Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452 (2003) (plurality opinion)).

The arbitration clause in the parties' agreement has a broad scope. The agreement states that "[i]f not resolved in accordance with the procedures outlined in the school catalog . . . , then the dispute shall be resolved by binding arbitration." This is broad enough to include 's common law fraud and Missouri Merchandising Practices Act claims. The parties to this agreement also agreed to abide by the rules of the Commercial Rules of the American Arbitration Association (AAA). Inclusion of these rules into an arbitration agreement serves as clear and unmistakable evidence that the parties intended to have the arbitrator decide threshold issues of arbitrability. Fallo v. High-Tech Institute, 559 F.3d 874, 878 (2009).

Additionally, the issues concerning the enforceability of the arbitration agreement, including Wilson's unconscionability claims, are for the arbitrator to decide. When an arbitration clause contains a clear and unmistakable agreement to arbitrate issues of arbitrability, as here, issues of the clause's enforceability will be for the arbitrator to decide unless the provision delegating such authority to the arbitrator is specifically challenged. Rent-A-Center, 130 S.Ct. at 2779. Wilson has failed to specifically challenge the provision of the agreement which allows the arbitrator to decide enforceability of the arbitration clause. Wilson claims that two provisions of the agreement are unconscionable: 1) a provision requiring the parties to split the arbitration costs and 2) a provision limiting damages. Neither of these arguments, however, alleges that the delegation provision itself is unconscionable. Neither of the challenged provisions affect Wilson's ability to arbitrate whether the arbitration agreement is valid and enforceable, and thus,

the arbitrator must decide the enforceability of the arbitration agreement. See <u>Chisolm v. Career Education Corp.</u>, 4:11 CV 994 HEA (E.D. Mo. November 14, 2011); <u>Kenner v. Career Education Corp.</u> 4:11 CV 997 AGF (E.D. Mo. November 29, 2011); <u>Parks v. Career Education Corp.</u>, 4:11 CV 999 CDP (E.D. Mo. November 30, 2011); <u>Hubbard v. Career Education Corp.</u>, 4:11 CV 995 CDP (E.D. Mo. November 30, 2011). As such, the Court compels arbitration here, and will stay this case until the parties complete arbitration as called for in the Enrollment Agreement.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Career Education Corporation's Motion to Compel Arbitration and Stay Litigation [#10] is **GRANTED** and its alternative motion to dismiss is **DENIED**.

**IT IS FURTHER ORDERED that** Defendant's Motion to Stay Discovery [#12] is **DENIED as moot.**

**IT IS FURTHER ORDERED that** this case is **STAYED** pending completion of the arbitration, and the parties must file a notice to the court within ten days of the conclusion of arbitration. If not concluded by **May 25. 2012**, the parties must on that date file a joint report setting forth the status of the arbitration.

**IT IS FURTHER ORDERED that** the Defendants' Motion for Leave to File Supplementary Authority [#32] is **GRANTED**.

**IT IS FINALLY ORDERED that** Plaintiff's Motion for Leave to File Amended

Complaint [#28] is **DENIED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2011.